E-FILED
Wednesday, 20 August, 2014  03:58:35 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

STEPHANIE GRAY-BROCK,            )
                                 )
        Plaintiff,               )
                                 )
    v.                           )        14-1045
                                 )
ILLINOIS AMERICAN WATER CO.,     )
MAXINE MITCH, ANN ROSS, ROGER    )
GOODSON, and CHRISTIAN JOHNSON,  )
                                 )
        Defendants.              )

## ORDER

This matter is before the Court on Defendants' Motion to Dismiss.  Plaintiff has filed her response and Motion for Leave to File a Second Amended Complaint, and this Order follows.

## BACKGROUND[1]

This is an employment discrimination case brought pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA").  Plaintiff, Stephanie Gray-Brock, began her employment with Defendant Illinois American Water Co. on February 21, 2012.  On March 21, 2012, her 30-day review rated her as "excellent."  After making several complaints of perceived discrimination to her supervisors culminating in an April 12, 2012 call to the Code of Ethics hotline, Plaintiff was terminated on April 18, 2012.

A charge of discrimination was filed alleging discrimination and retaliation on June 28, 2012 (identified as Charge 21BA22041 with the EEOC and 2012SA3820 with the IDHR), which was dismissed by the IDHR on May 16, 2013.  On August 27, 2013, Plaintiff requested a Right to Sue Notice from the EEOC on this charge, which issued on September 5, 2013.  Another charge of discrimination and retaliation (identified as Charge 21BA30328 with the EEOC and 2013SA1253 with the IDHR), dated November 10, 2012, appeared to  raise similar issues and was withdrawn by Plaintiff's then counsel on March 19, 2013.

---

[1] The following factual allegations are taken from Plaintiff's Amended Complaint and presumed true for purposes of resolving the present Motion.

On February 7, 2014, Gray-Brock brought this action alleging that Defendants violated her rights under Title VII and the ADEA based on her status as an African-American female over the age of 50. Defendants have now moved to dismiss the Amended Complaint for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

However, where dismissal is sought for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1), "the court is not bound to accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt." Bastien v. AT&T Wireless Services, Inc., 205 F.3d 983, 990 (7th Cir. 2000).

## DISCUSSION

Title 42 U.S.C. § 2000e-5 and the ADEA confer subject matter jurisdiction on federal district courts to hear cases dismissed by the EEOC. A person claiming to be aggrieved shall be notified of the EEOC's dismissal of a charge. 42 U.S.C. § 2000e-5(f)(1). The person aggrieved may then bring a civil action in the district court, and has ninety (90) days after receipt of the EEOC Notice within which to do so. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). The 90-day limitation period

begins to run on the date the EEOC notice is first received. Jones v. Madison Service Corp., 744 F.2d 1309, 1312 (7th Cir. 1984).

Here, the Notice of Right to Sue was issued on September 5, 2013, and there is nothing in the record indicating that it was not received within a short time thereafter. The letter was mailed to the same address currently on record for Plaintiff, and she makes no assertion that it was never received. Where the plaintiff does not establish a date of receipt, the constructive notice doctrine applies and presumes receipt five days after the issuance of the Notice of Right to Sue. Gay v. Quad City Hotel, L.L.C., 2013 WL 3943277, at *1 (C.D.Ill. June 30, 2013). Accordingly, the 90-day filing period began on September 10, 2013 and expired on December 9, 2013.[2] As Plaintiff's Complaint was not filed until February 7, 2014, it was not filed within the 90-day window and is therefore untimely. The filing of the second charge cannot serve to extend this deadline (even if it hadn't been withdrawn), as allowing multiple charges of discrimination encompassing the same events to be used to restart the running of the 90-day period would undermine the goals inherent in the requirement that an administrative process be exhausted prior to commencing suit.

Moreover, Plaintiff's Motion for Leave to File Second Amended Complaint cannot cure this deficiency. Although she somehow received a Notice of Right to Sue on the second charge despite her voluntary withdrawal of the charge from both the IDHR and EEOC, the processing of the charge had already been terminated with the receipt of the written request to withdraw the charge on April 19, 2013. While the EEOC has the power to continue to investigate and pursue a properly filed charge of discrimination despite a request from the complainant to withdraw the charge, the same is not true for the complainant. See Equal Employment Opportunity Commission v. Watkins Motor Lines, Inc., 553 F.3d 593 (7th Cir. 2009). A plaintiff who "voluntarily withdraws her administrative charge of discrimination before obtaining a right-to-sue letter, abandons her claims in the charge, fails to exhaust administrative remedies and may not sue in court." Williams v. Tradewinds Services, Inc., 2103 WL 832405, at *6 (N.D. Ind. March 4, 2013), citing Schwinge v. Deptford Tp. Bd. Of Educ., 2011 WL 689615, at *5 (D.N.J. 2011); Bowers v. Nicholson, 2007 WL 3047223, at *8 (S.D.Tex. 2007); Khader v. Aspin, 1 F.3d 968, 971 (10th Cir. 1993); Rivera v. Unisted States Postal Service, 830 F.2d 1037, 1039 (9th Cir. 1987); Wrenn v. Secretary, Dep't. Of Veterans Affiars, 918 F.2d 1073, 1078 (2nd Cir. 1990). By voluntarily withdrawing the charge from both the IDHR and EEOC, Plaintiff failed to exhaust her administrative remedies on her claims, and they are

---

[2] The Court has used the EEOC Right to Sue dates for purposes of resolving this motion as those were the latest dates at issue. However, the same result would apply with respect to any claims under the IHRA, as the report from the IDHR was dated on May 16, 2013, and the 90-day filing window would have elapsed on August 19, 2013.

therefore barred from further consideration.  *See* <u>McClain v. Lufkin Industries, Inc.</u>, 519 F.3d 364, 372 (5th Cir. 2008) (finding that failure to exhaust administrative remedies "is not a procedural 'gotcha' issue, " but rather "a mainstay of proper enforcement of Title VII remedies.")

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss [11] is GRANTED.  Given the Court's ruling that this action is untimely, further amendment would be futile, and Plaintiff's Motion for Leave to File Second Amended Complaint [20] is DENIED.  This matter is now terminated.

ENTERED this 20th day of August, 2014.

_____ s/ James E. Shadid _____
James E. Shadid
Chief United States District Judge

4